UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| WILLIAM R. HUMPHREY, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 6: 18-CV-302-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| J. BARNHART, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **& ORDER** |
| Respondent. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Federal inmate William R. Humphrey has filed a *pro se* petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2241 challenging the enhancement of his federal sentence. [R. 1]

This matter is before the Court to conduct an initial review of the petition as required by 28

U.S.C. § 2243.[1]

In November 2014, Humphrey pleaded guilty to possession with intent to distribute

cocaine in violation of 21 U.S.C. § 841(a) and to being a felon in possession of a firearm in

violation of 18 U.S.C. § 922(g)(1). The drug charge carried a maximum sentence of 20 years

imprisonment because Humphrey had previously been convicted of a felony drug offense. 21

U.S.C. § 841(b)(1)(A). The firearms charge would normally have carried a 10-year maximum

term, but Humphrey was subject to the Armed Career Criminal Act's 15-year mandatory

---

[1] See *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Humphrey's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a pro se habeas petition, though vague and conclusory, are entitled to a liberal construction" including "active interpretation" toward encompassing "any allegation stating federal relief" (citations and internal quotation marks omitted)).

minimum because he had three or more prior convictions for a violent felony or a serious drug offense. 18 U.S.C. §§ 924(a)(2), (e)(1).

As part of his plea agreement, Humphrey expressly agreed that he qualified both as an armed career criminal pursuant to § 924(e)(1) and as a career offender pursuant to U.S.S.G. § 4B1.1. Both parties agreed to recommend a 15-year sentence. Humphrey further expressly waived his right to file any appeal if the court imposed the recommended sentence, and waived "the right to challenge the sentence imposed in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 and/or § 2241, and/or 18 U.S.C. § 3582(c)." The trial court accepted the plea agreement, and consistent with it imposed a 15-year sentence. Humphrey did not file an appeal or any motion for collateral relief pursuant to 28 U.S.C. § 2255. *United States v. Humphrey*, No. 3: 14-CR-28-1 (M.D. Tenn. 2014).

In his petition, Humphrey contends that the phrase "serious drug offense" found in 18 U.S.C. § 924(e)(1) is unconstitutionally vague under the Fifth Amendment in light of the Supreme Court's recent decision in *Sessions v. Dimaya*, __ U.S. __, 138 S. Ct. 1204 (2018).[2] He also asserts that his right under the Sixth Amendment to effective representation by counsel under *Strickland v. Washington*, 466 U.S. 668 (1984) was denied when his attorney failed to challenge the enhancement of his sentence on this ground. Humphrey asserts that he may pursue these claims in a § 2241 petition in light of the Sixth Circuit's decision in *Hill v. Masters*, 836 F. 3d 591 (2016). [R. 1 at Page ID #4-5; R. 1-1 at Page ID # 6-14]

The Court must deny the petition, however, on several grounds. First, as part of his plea agreement Humphrey expressly waived his right to collaterally attack his sentence. Such waivers

---

[2] Humphrey's argument addresses only the perceived vagueness of the words "serious drug offense" found in 18 U.S.C. § 924(e)(1); he does not acknowledge or address the statutory definition of that phrase found in 18 U.S.C. § 924(e)(2)(A)(i), (ii).

are enforceable to preclude collateral attacks in habeas proceedings under § 2241, especially where § 2241 is expressly identified as falling within the scope of the waiver. *Rivera v. Warden, FCI, Elkton*, 27 F. App'x 511, 515 (6th Cir. 2001); *United States v. Bryant*, 663 F. App'x 420 (6th Cir. 2016). See also *Muller v. Sauers*, 523 F. App'x 110, 112 (3d Cir. 2013) ("Muller's plea agreement included a waiver of collateral-attack rights 'in any post-conviction proceeding, including-but not limited to-any proceeding under 28 U.S.C. § 2255.'  Therefore, his plea agreement forecloses relief pursuant to § 2241 …"); *Johnson v. Warden*, 551 F. App'x 489, 491 (11th Cir. 2013); *Muse v. Daniels*, 815 F. 3d 265, 267 (7th Cir. 2016) (holding that a collateral attack waiver "would apply equally in a proceeding under § 2241, had not § 2255(e) taken precedence, for § 2241 is a form of collateral attack."); *United States v. Chavez-Salais*, 337 F.3d 1170, 1172 (10th Cir. 2003) ("The conventional understanding of 'collateral attack' comprises challenges brought under, for example, 28 U.S.C. § 2241, 28 U.S.C. § 2254, 28 U.S.C. § 2255, as well as writs of coram nobis."). Here, Humphrey bargained for a substantial reduction in the 35-year sentence he faced by agreeing to the terms of a plea agreement which included a waiver of his right to challenge that sentence by any means, whether by direct appeal or collateral attack. That agreement is enforceable to bar his challenge in this habeas proceeding.

Second, Humphrey may not assert his claims in a habeas corpus petition under § 2241. A federal prisoner must file a motion under 28 U.S.C. § 2255 to challenge the legality of his conviction or sentence. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). A habeas corpus petition under 28 U.S.C. § 2241 may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" of 28 U.S.C. § 2255(e) provides a narrow exception to this rule where § 2255 is structurally "inadequate or ineffective" to seek relief. The exception does not apply simply because that remedy under § 2255 is no longer available, whether because the prisoner did not file a § 2255 motion, the time to do so has passed, or the motion was denied on substantive grounds. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002).

In the Sixth Circuit, a prisoner may challenge the enhancement of his federal sentence in a § 2241 petition only where: (1) the petitioner's sentence was imposed when the Sentencing Guidelines were mandatory before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his or her federal sentence no longer qualified as a valid predicate offense. *Hill v. Masters*, 836 F. 3d 591, 595, 599-600 (6th Cir. 2016).

Humphrey's claims fail to satisfy at least the first and third requirements. Humphrey was sentenced in 2014, nearly a decade after *Booker* was decided, under a discretionary guidelines regime. *See Contreras v. Ormond*, No. 18-5020 at p. 2-3 (6th Cir. Sept. 10, 2018) (petitioner did not fall within the narrow exception recognized by *Hill* because he was sentenced post-*Booker* in 2009, under the advisory sentencing guidelines). In addition, Humphrey's substantive claim under *Dimaya* is that the enhancement of his sentence under § 924(e)(1) is unconstitutional under the Fifth Amendment because the phrase "serious drug offense" is impermissibly vague. This claim does not hinge upon a Supreme Court decision of statutory interpretation: it is a constitutional claim that – like a claim under *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015) – must be asserted if at all pursuant to 28 U.S.C. § 2255(h)(2). *Welch v. United*

*States*, __ U.S. __, 136 S. Ct. 1257 (2016) (holding that *Johnson* (2015) is retroactively applicable to cases on collateral review, and hence can be asserted as a ground for relief in a second or successive § 2255 motion pursuant to 28 U.S.C. § 2255(h)(2)); *In re Watkins*, 810 F. 3d 375, 377 (6th Cir. 2015). See also *Rosello v. Warden F.C.I. Allenwood*, 735 F. App'x 766, 768 n.5 (3d Cir. 2018) (holding that claims under *Johnson* and *Dimaya* are "precisely the type of constitutional claim[s] that can be pursued in a second or successive § 2255 motion"); *Kniebes-Larsen v. United States*, Civ. No. 18-1261 (JNE/BRT), 2018 WL 6204966, at *2-3 (D. Minn. Oct. 2, 2018). Humphrey's constitutional claim is of the kind that can be asserted under § 2255, and thus that remedy is not structurally "inadequate and ineffective" to test the legality of his detention, rendering resort to § 2241 impermissible. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004); *McDowell v. Warden, FCC Medium Coleman*, 694 F. App'x 692, 693-94 (11th Cir. 2017).

Likewise, Humphrey's claim that he was denied the effective assistance of counsel as guaranteed by the Sixth Amendment is a constitutional claim of ordinary trial error which could, and therefore must have been, pursued on direct appeal or in an initial motion under § 2255. Cf. *Mallard v. United States*, 82 F. App'x 151, 153 (6th Cir. 2003) (claim under *Strickland* that counsel was ineffective may not be pursued under § 2241); *Jameson v. Samuels*, 555 F. App'x 743, 746 (10th Cir. 2014) (habeas petition under § 2241 is not the proper vehicle to assert claims of prosecutorial misconduct, ineffective assistance of counsel, and lack of probable cause for warrant).

Accordingly, it is **ORDERED** as follows:

1.      Petitioner William R. Humphrey's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2.	This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3.	Judgment shall be entered contemporaneously with this Memorandum Opinion
and Order.

This 16th day of January, 2019.

Gregory F. Van Tatenhove
United States District Judge